**Date: February 22, 2022
The following is ORDERED:**



BY THE COURT:

TERRENCE L. MICHAEL
UNITED STATES BANKRUPTCY JUDGE

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:
SCOTT P. SCHERER and
VICKI L. SCHERER,

Case No. 12-81208-TLM
Chapter 7

Debtors.

## MEMORANDUM OPINION

Two wrongs never make a right. In this case, the debtors and their lawyer asked the bankruptcy court to avoid state tax liens on their home under § 522(f) of the United States Bankruptcy Code.[1] There was only one small problem: state tax liens are not avoidable under § 522(f), which a cursory read of the statute makes abundantly clear. Counsel for the debtors knew that and went forward anyway. The motion slipped through, and a carefully crafted order designed to avoid the tax liens was entered. Some nine years later, when the debtors decided to sell the house (and, one suspects, a title agent cried foul) the taxing authority has come forward, asking that these

---

[1] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C.A. § 101 *et. seq.*

orders which are not supported by fact or law be vacated. Debtors object, arguing, as Mick Jagger once sang, that "time is on my side."[2] The Court disagrees. Debtors cannot enforce a right that never existed or claim a remedy that was never theirs to claim, even after all these years. Mick Jagger has written a line for this as well: "You can't always get what you want."[3]

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C.A. § 1334(b). Reference to the Court of this matter is proper pursuant to 28 U.S.C.A. § 157(a). An action seeking relief from an order of this Court is a core proceeding as defined by 28 U.S.C.A. § 157(b)(2)(K).

**Findings of Fact[4]**

Debtors Scott and Vicki Scherer filed a chapter 7 bankruptcy on August 21, 2012. They listed the nature of their debts as primarily business. Debtor Scott Scherer listed two other names he used: Charlie's Chicken and Scherer, Inc. On Schedule D – Creditors Holding Secured Claims,

---

[2] "Time is on my side" was written by Jerry Ragovoy in 1963, and recorded by Kai Winding, Irma Thomas, and The Rolling Stones, among others. It is the 1964 version recorded by the Stones that is the best known, having reached number 6 on the Billboard Hot 100 charts in 1964. https://en.wikipedia.org/wiki/Time_Is_on_My_Side. A great song but, at least on the facts of this case, a lousy legal theory.

[3] This Rolling Stones hit was written by Mick Jagger and Keith Richards in 1969. It was on the Stones' 1969 album entitled "*Let it Bleed*," and reached number 42 on the Billboard Hot 100 when released as a single in 1973. https://en.wikipedia.org/wiki/You_Can%27t_Always_Get_What_You_Want.

[4] The following findings of fact and conclusions of law are made pursuant to Federal Rule of Bankruptcy Procedure 7052, made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 9014. There are no disputed facts relevant to the Court's decision.

they listed five separate claims of the Oklahoma Tax Commission ("OTC") totaling $97,070.63, identifying each as "Tax Lien" secured by real property valued at $175,000.[5] Debtors claimed certain real estate located in Muskogee, Oklahoma as their exempt homestead under Oklahoma Law.[6] There were no objections to the claim of homestead exemption.

On October 17, 2012, the Debtors filed a Motion to Avoid Liens of the OTC ("Motion to Avoid Liens").[7] Their stated legal basis for avoiding the OTC's tax liens was that these were judicial liens avoidable pursuant to 11 U.S.C. § 522(f). Their Motion was signed by both Debtors and their counsel. The Motion contained this statement: "Debtors declares [sic] under penalty of perjury that the foregoing is true and correct." They attached copies of the OTC's supporting documents for unpaid sales taxes, franchise taxes, withholding taxes, income taxes and tourism taxes.

The Certificate of Service regarding the Debtors' motions to avoid liens reflects that on October 16, 2012, Debtors served the OTC at its address commonly used in bankruptcy proceedings: Oklahoma Tax Commission, 2501 Lincoln Blvd., Oklahoma City, OK 73194.[8] No objections were filed so the Court entered the Order Granting Motions [sic] to Avoid Liens ("Order

---

[5] Pet. 16-17, ECF No. 1.

[6] Pet. 14, ECF No. 1.

[7] Mot. to Avoid Lien(s) Upon Debtors' Homestead, ECF No. 20. Debtors filed a total of six motions to avoid judgment liens, including one to avoid IRS Tax Liens totaling $913,337.74. No objections were filed, and all six motions were granted. *See* ECF Nos. 21-26.

[8] Certif. of Mailing, 2-3, ECF No. 19. Debtors' counsel affirmed to this Court that his office always serves motions to avoid liens on creditors by certified mail. That is not reflected in the Certificate of Mailing filed October 16, 2012, ECF No. 19. *See* Debtors' Obj., ECF No. 48. The Court finds the Certificate of Mailing the more persuasive evidence, and finds that the Motion to Avoid Liens was served by regular mail.

Avoiding Liens").⁹ The Order Avoiding Liens, which was prepared and submitted to the Court by the Debtors, does not cite § 522(f) but states that the "Statement of Judgments" held by the OTC impairs Debtors' homestead exemption and are thus "judicially terminated." The choice of words is fascinating. The OTC does not hold "judgments"; instead, as discussed *infra*, it possesses statutory tax liens. None of the documents evidencing the tax liens held by the OTC contain the words "Statement of Judgment" or even "Judgment." They are tax warrants and described as such on their face. It is and will remain an open question whether the choice of words was a deliberate attempt to mislead the Court, and this Court offers no opinion on the same.

The Order Avoiding Liens included a directive that the Debtors serve a copy of the Order Avoiding Liens on the OTC. The Debtors did not file a certificate of service indicating that they served the Order on the OTC. Counsel for the OTC represented that she could not verify whether the OTC ever received notice of the Motion or the Order. On the basis of the record before it, the Court finds that the OTC was never served with a copy of the Order Avoiding Liens after it was entered.¹⁰

The Order of Discharge was entered November 28, 2012,¹¹ and the case was closed April 9, 2013.¹² Sometime later, the OTC was notified that the Debtors were attempting to transfer real property subject to the OTC's tax liens. The OTC then turned to this Court to reopen the Debtors'

---

⁹ Order Granting Mots. to Avoid Liens, ECF No. 26.

¹⁰ The moral of this story is pretty clear. If an order requires the prevailing party to serve the order on the losing party, the prevailing party had better be able to prove it. If you can't prove service, it didn't happen.

¹¹ Order regarding Discharge of Debtor(s), ECF No. 31.

¹² Final Decree, ECF No. 34.

bankruptcy case. The case was reopened on August 12, 2021, over the objection of the Debtors.[13] The OTC then filed a motion to vacate the Order Avoiding Liens.[14] Debtors object and ask that the Order Avoiding Liens be allowed to stand.[15]

To the extent the "Conclusions of Law" contains items which should more appropriately be considered "Findings of Fact," those findings of fact are incorporated herein by this reference.

## Conclusions of Law

A.   **Applicable Law**

Federal Rule of Civil Procedure 60(b), made applicable here pursuant to Federal Rule of Bankruptcy Procedure 9024, allows relief from a final judgment, order or proceeding "on motion and just terms…."[16] A Rule 60(b) motion is addressed to the sound discretion of the court.[17] The rule provides courts with a "grand reservoir of equitable power to do justice in a particular case," and "should be liberally construed when substantial justice will thus be served."[18] It requires a balancing of interests between the law's preference for determining a litigant's claim on the merits

---

[13] Order Reopening Case, ECF No. 44.

[14] Mot. to Vacate Order Granting Mot. to Avoid Liens, ECF No. 45.

[15] Objection, ECF No. 48.

[16] Fed. R. Civ. P. 60(b).

[17] *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975), citing *Caribou Four Corners, Inc. v. Truck Insurance Exchange*, 443 F.2d 796, 799 (10th Cir. 1971).

[18] *Id.* citing *Radack v. Norwegian America Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir. 1963) quoting 7 James Moore, Moore's Federal Practice (1950 ed.) p. 308.

against the need for finality in litigation.[19] Where relief is sought more than one year after the order was entered, a movant is limited to the following grounds for relief:

> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[20]

Moreover, the moving party must show that its motion was made "within a reasonable time."[21]

The OTC has not expressly argued that the Order avoiding liens is void, nor has it suggested subsection 5 is applicable here. That leaves subsection 6 for the Court to consider: whether there is "any other reason that justifies relief." The answer is a resounding "YES."

B.     **Reasons Justifying Relief under Rule 60(b)(6)**

   1.     *Debtors had no legal right to avoid the OTC tax liens.*

A threshold condition that a movant seeking relief under Rule 60(b) must establish is a meritorious defense to the original motion granted by the order sought to be vacated.[22] But, at the risk of stating the patently obvious, Debtors must prove they were entitled to the relief originally

---

[19] 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2857 (3d ed.).

[20] Fed. R. Civ. P. 60(b)(4), (5) and (6).

[21] Fed. R. Civ. P. 60(c)(1).

[22] *See Compton v. Alton Steamship Co. Inc.*, 608 F.2d 96, 102 (4th Cir. 1979).

sought and granted. "[I]t is the obligation of the [movant], seeking recovery under the terms of a statute, both to plead and prove that his claim falls within the terms of the enabling statute."[23]

The original motion submitted by the Debtors involved tax liens, also known as tax warrants, filed against real estate arising by operation of law.[24] Unpaid taxes result in the issuance of tax warrants which are directed to the sheriff for levy upon real and personal property of the taxpayer. Oklahoma tax warrants filed with the county clerk are a lien on real estate until paid or for 10 years from the date the lien/warrant is filed in the land records. They may be renewed for another 10-year term prior to the expiration of the previous lien.[25] The subject liens were filed against the Debtors' homestead in the Muskogee County land records.

The Debtors sought to avoid these tax liens as impairing their homestead exemption allowed under Oklahoma law.[26] The validity of the homestead exemption claim is uncontested. However, § 522(c)(2)(b) of the Bankruptcy Code expressly provides that exempt property remains subject to properly issued pre-petition tax liens.[27] The Debtors did not dispute that the tax liens were properly issued. However, in seeking to avoid these tax liens, the Debtors relied on § 522(f)(1) which allows avoidance of judicial liens that impair exemptions:

---

[23] *Id.* at 101 (footnote omitted).

[24] OKLA. STAT. tit. 68, § 231.

[25] OKLA. STAT. tit. 68, § 231(B).

[26] *See* OKLA. STAT. tit. 31, § 1(A)(1).

[27] *See* § 522(c)(2)(B) ("Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except-- … (2) a debt secured by a lien that is -- … (B) a tax lien, notice of which is properly filed[.]").

> Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is —
>
> (A) a judicial lien ….[28]

There is absolutely no plausible basis to conclude that § 522(f) obliterates the express statement in § 522(c)(2)(B) that tax liens are not affected by exemptions. To say otherwise demonstrates a lack of the most basic understanding of the United States Bankruptcy Code.

There is no dispute that the tax liens were not avoidable under § 522(f); indeed, the Debtors conceded at the December 15, 2021 hearing that they were not entitled to the relief requested at the time they filed their motion in 2012. If the OTC had appeared and contested the motion, it would have prevailed on the merits. A tax lien, by definition in §101(53), is not a judicial lien, but is a lien "arising solely by force of a statute on specified circumstances or conditions … *but does not include security interest or judicial lien . . . .*" (emphasis added).

More recently, Bankruptcy Judge Janice Loyd of the Western District of Oklahoma provided an excellent discussion of judgment liens which are avoidable pursuant to § 522(f) and statutory liens which are not avoidable, concluding that a federal tax lien is not avoidable under § 522(f):

> The Debtor's Motion fails to establish the first requirement for avoidance of a lien under § 522(f), i.e. that the lien is a *judicial* lien. The tax lien which is the subject of this dispute is not a *judicial* lien, but a *statutory* lien which may not be avoided under § 522(f). *In re Schick*, 418 F.3d 321, 328 (3rd Cir. 2005) (describing the tax lien as a "statutory" lien); *In re Mills*, 37 B.R. 832, 834 (Bankr. E.D. Tenn. 1984); Bankruptcy Code § 101(36) ("The term 'judicial lien' means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding."); Bankruptcy Code § 101 (53) ("The term 'statutory lien' means lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for

---

[28] § 522(f)(1).

rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute."). "A statutory lien is only one that arises automatically, and is not based on an agreement to give a lien or on judicial action... Tax liens are also included in the definition of statutory lien." H.R. Rep.No. 95-595, 95th Cong. 1st Sess. 314, *reprinted in* 1978 U.S. Code Cong. & Ad. News 5787, 5963, 6271; *In re Mills,* 37 B.R. 832, at 834-35.

Statutory liens are not subject to avoidance under § 522 (f)(1)(A). *In re Bingham*, 344 B.R. 648, 650 (Bankr. W.D. Okla. 2006); *In re Morgan*, 2000 WL 1194144 (Bankr. E.D. N.C. 2000) (federal tax liens are statutory liens, rather than judicial liens, even if the underlying tax is subsequently reduced to judgment); *In re Rench*, 129 B.R. 649, 651-52 (Bankr. D. Kan. 1991) (IRS lien is a statutory lien even if notice has not been properly filed); *In re Frengel,* 115 B.R. 569, 571 (Bankr. N.D. Ohio 1989). Conspicuously absent from § 522(f) is any provision allowing the debtor to avoid statutory liens. There is no question that the tax lien which is the subject of this dispute is a statutory lien which may not be avoided under § 522(f).[29]

Although the liens here arise under state law, they are statutory liens as defined in the Bankruptcy Code. And, as previously noted, § 522(c)(2)(b) provides that exempt property remains subject to tax liens. Thus, the OTC has shown in its Motion to Vacate that it had a meritorious defense to the Debtors' Motion to Avoid Liens, and the Debtors have conceded they were not entitled to the relief they sought.

  2.  *The Debtors' Motion to Avoid Liens misrepresented their entitlement to relief.*

Federal Rule of Bankruptcy Procedure 9011(b) ("Rule 9011") states:

> By presenting to the court . . . a . . . written motion . . . an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —
> . . .

---

[29] *In re Burge,* 2019 WL 5198911 *2 (Bankr. W.D. Okla., Oct. 14, 2019). The lien at issue in *Burge* was a federal tax lien held by the Internal Revenue Service.

> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law . . . .[30]

The Motion to Avoid Liens states that the OTC liens are judgment liens which are avoidable pursuant to § 522(f)(1). The Motion contains neither legal argument nor facts supporting these allegations; instead, the Debtors attached copies of the OTC's tax liens. The Debtors signed the Motion under penalty of perjury, and their counsel signed the Motion as an officer of the Court. The Court does not reach the issue of whether counsel violated Rule 9011 or any of the disciplinary rules governing counsel; instead, the Court finds that Debtors and their counsel were wholly in error as a matter of simple bankruptcy law in seeking to avoid tax liens. An order or judgment entered due to the default of one's opponent may only grant the relief to which the movant is entitled. Debtors and their counsel have overstepped and should not be rewarded for their behavior by retaining relief they were never entitled to.

The Court finds that the Debtors' misrepresentation of the law and facts in the hopes that their opponent would fail to respond and correct them, coupled with the submission of an Order granting relief to which they were not entitled, provides a more than adequate basis for vacating the Order Avoiding Liens.

> 3. *The Debtors did not properly give notice of the Motion or of the Order Avoiding Liens to the OTC.*

The Debtors did not properly serve the OTC with the Motion to Avoid Liens or the Order Avoiding Liens. The Debtors served the Oklahoma Tax Commission at a street address in

---

[30] Fed. R. Bankr. P. 9011(b). *See also* Oklahoma Rules of Professional Conduct, OKLA. STAT. tit. 5, Rule 3.3(a), cmt. 4 (Legal argument should be "a discussion seeking to determine the legal premises properly applicable to the case.")

Oklahoma City. However, Federal Rule of Bankruptcy Procedure 9014(b) requires that motions must be served in the same manner as a summons and complaint in accordance with Rule 7004. Rule 7004 incorporates Federal Rule of Civil Procedure 4(j)(2) which requires that service on a state or any state-created governmental organization be served by: "(A) delivering a copy of the [motion] to its chief executive officer; or (B) serving a copy …. in the manner prescribed by that state's law …."[31] Under state law, proper service on state entities requires that the agency head be specifically named. OKLA. STAT. tit. 12, §2004(C)(1)(c) provides for service

> (5) upon a state, county, school district, public trust or municipal corporation or other governmental organization thereof subject to suit, by delivering a copy of the summons and of the petition to the officer or individual designated by specific statute; however, if there is no statute, then upon the chief executive officer or a clerk, secretary or other official whose duty it is to maintain the official records of the organization….[32]

Counsel for the Debtors was required to comply with this rule. He failed to do so. Having failed to properly serve the OTC, Debtors are not entitled to claim the Order Avoiding Liens is inviolable.

The procedural errors do not end there. The Order Avoiding Lien required that the Debtors serve the OTC with a copy of the Order. No certificate of service was ever filed, so it does not appear from the record that the OTC was served with the Order. Thus, the OTC would have had no notice of the Order and no opportunity to challenge the Order by filing an appeal. Failure to

---

[31] Fed. R. Civ. P. 4(j)(2). In addition to this method of service, Fed. R. Bankr. P. 7004(b)(6) allows service
> Upon a state or municipal corporation or other governmental organization thereof subject to suit, by mailing a copy of the summons and complaint to the person or office upon whom process is prescribed to be served by the law of the state in which service is made when an action is brought against such a defendant in the courts of general jurisdiction of that state, or in the absence of the designation of any such person or office by state law, then to the chief executive officer thereof.

[32] OKLA. STAT. tit. 12, §2004(C)(1)(c)(5).

provide the losing party with notice of the entry of an order or judgment in time to file an appeal is "[t]he most common 'other reason' for which courts have granted relief" under Rule 60(b)(6).[33]

The Court finds that the Debtors failed to properly serve the OTC with the Motion and the Order in accordance with Bankruptcy Rules and Oklahoma law. Failure of service supports the OTC's request to vacate the Order Avoiding Liens.

    4.    *The Debtors' reliance on the Order Avoiding Liens does not outweigh the reasons justifying relief from the Order.*

The Debtors argue that they will suffer prejudice and will be unduly punished if the Order Avoiding Liens is vacated. For many years they have relied on the Order which purported to remove the tax warrants as an encumbrance on their homestead. In believing that they were relieved of these liens, and thus free and clear of their tax debts for failure to remit sales taxes and other taxes for several years, they invested monies which otherwise may have been used to pay tax debt into making improvements to their home, increasing its value. The Court notes that these improvements benefitted the Debtors rather than the State of Oklahoma and its citizens, to whom the taxes were owed. There is a strong public interest in enforcing the collection of taxes, particularly sales taxes which the public has paid to a business and the business holds in trust before submitting to taxing authorities. The Court cannot allow these Debtors to profit off a "hide the ball" strategy, retain sales taxes that customers paid, fail to remit other taxes owed, and thereby increase the value of their own personal assets.

---

[33] *See* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2864 (3d ed.).

"One cannot be prejudiced by the loss of that to which he was not entitled."[34] The Debtors failed to remit sales taxes for several years. They misrepresented to the Court that they were entitled to avoid the tax liens filed against their home. The Court concludes that the position they find themselves in today is entirely of their own making. The Court will not reward their behavior. Any prejudice or harm they may suffer does not outweigh the requirement of candor with the Court in seeking relief, preservation of the integrity of the Court, proper application of the Bankruptcy Code, and promotion of fairness and justice.

     5.     *The OTC's delay in seeking relief is not unreasonable.*

Relief from a judgment or order pursuant to Rule 60(b)(6) must be made within a reasonable time. A determination of what is reasonable is necessarily determined by the particular facts of the case. Although the OTC did not seek relief for nearly nine years, admittedly a lengthy period of time, the Court finds that the delay was due to the Debtors' purposed effort to conceal their actions in 2012 and prevent the OTC from discovering and challenging their efforts in a much timelier manner. Without legally proper notice of the Motion to Avoid Liens and the Order Avoiding Liens, the OTC did not discover the Debtors' actions until an attempted conveyance of the Debtors' property. Once notified, the OTC acted to challenge the Order Avoiding Liens within a reasonable time.

---

[34] *Compton v. Alton Steamship Co. Inc.,* 608 F.2d 96, 103 (4th Cir. 1979).

### Conclusion

The Motion to Vacate is granted. The Order Avoiding Liens is hereby vacated and the Motion to Avoid Liens is denied. A separate Judgment consistent with this Memorandum Opinion is entered concurrently herewith.

###