**Date: March 16, 2022**
**The following is ORDERED:**



BY THE COURT:

TERRENCE L. MICHAEL
UNITED STATES BANKRUPTCY JUDGE
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

SCOTT P. SCHERER and                                       Case No. 12-81208-TLM
VICKI L. SCHERER,                                                   Chapter 7

        Debtors.

## ORDER DENYING MOTION FOR LEAVE TO FILE APPEAL OUT OF TIME

Nothing strikes fear into the heart of a lawyer quite like missing a deadline. The consequences of missing most deadlines are quite harsh and often lead to the loss of a substantive right, such as the right to appeal an adverse decision. Which is exactly what we have here. Counsel for the debtors received the order in question, and, in his own words, placed the opinion on his desk, where it sat unattended (or, to use the more appropriate vernacular, neglected). When the case was closed, the alarm bells went off, sort of. Almost a full week after realizing the deadline had been missed, Counsel moved to reopen the bankruptcy case and sought an extension of time to file his notice of appeal. The neglect in this case is apparent; the question is whether, as a matter of law, it is excusable. It is not.

## Background

Debtors Scott and Vicki Scherer filed a chapter 7 bankruptcy on August 21, 2012. On October 17, 2012, the Debtors filed a Motion to Avoid Liens of the Oklahoma Tax Commission (the "Motion to Avoid Liens")[1] on the grounds that the OTC's tax liens were judicial liens avoidable pursuant to 11 U.S.C. § 522(f).[2] No objections were filed so the Court entered the Order Granting Motions [sic] to Avoid Liens ("Order Avoiding Liens").[3] Nine years later, the OTC was made aware of the Order Avoiding Liens and sought to have it nullified. On February 22, 2022, this Court entered its Memorandum Opinion[4] and Judgment[5] vacating the Order Avoiding Liens and denying Debtors' Motion to Avoid Liens of the OTC. The time to appeal the Memorandum Opinion and Judgment expired on March 8, 2022.[6] On March 9, 2022, a Final Decree was entered, and this case was closed.[7] On March 14, 2022, Debtors moved to reopen their case[8] and filed the Motion for Leave to File Notice of Appeal Out-of-Time [sic] Pursuant to Federal Rule of Bankruptcy Procedure 8002(d)(1)(B) (the "Motion") now before the Court seeking an extension of time to file a notice of appeal of the Memorandum Opinion and Judgment.[9] The record is silent

---

[1] Mot. to Avoid Lien(s) Upon Debtors' Homestead, ECF No. 20.
[2] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C.A. § 101 *et. seq.*
[3] Order Granting Mots. to Avoid Liens, ECF No. 26.
[4] Memorandum Opinion, ECF No. 62. In the Memorandum Opinion, the Court expressly found that Debtors were never entitled to the Order Avoiding Liens as a matter of law, and that counsel was aware of the law when he sought relief against the OTC. The Court further found that counsel failed to provide proper notice to the OTC throughout the process.
[5] Judgment, ECF No. 63.
[6] *See* Fed. R. Bankr. P. 8002(a)(1) ("Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed.").
[7] Final Decree, ECF No. 66.
[8] Mot. to Reopen, ECF No. 68.
[9] Mot. for Leave to File Notice of Appeal Out-of-Time [sic] Pursuant to Federal Rule of Bankruptcy Procedure 8002(d)(1)(B), ECF No. 70.

as to why counsel waited an additional five days before filing the Motion. The Court reopened this case to consider counsel's request for additional time to file a notice of appeal.[10]

**Analysis**

Counsel for the Debtor admits he failed to file a notice of appeal during the 14-day period set forth in Fed. R. Bankr. P. 8002(a)(1),[11] and failed to seek an extension before the expiration of the 14 day period pursuant to Rule 8002(d)(1)(A).[12] As a result of said failure, he must proceed under Rule 8002(d)(1)(B), which allows an extension of the time to appeal within 21 days after the expiration of the initial 14-day appeal time "if the party shows excusable neglect."[13] Counsel relies exclusively upon the United States Supreme Court's factors for finding "excusable neglect" set out in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*:

(1) the danger of prejudice to opposing parties;
(2) length of delay in judicial proceedings and its impact;
(3) the reason for the delay, including whether it was in the control of the late-filer; and
(4) whether the late-filer acted in good faith.[14]

*Pioneer* involved a missed deadline for filing a proof of claim in a chapter 11 case and did not consider "excusable neglect" in the context of missing a deadline to file a notice of appeal. Although the Supreme Court found excusable neglect in that case, it did so based on insufficient notice of the deadline, and gave little weight to counsel's excuse that he was experiencing upheaval in his law practice during the relevant time period.[15] Unfortunately, counsel fails to heed the

---

[10] Order to Reopen, ECF No. 78.
[11] *See* Note 6 *supra*.
[12] *See* Fed. R.Bankr. P. 82002(d)(1)(A) (requiring extensions of time for a notice of appeal to be filed within the 14 day period).
[13] Fed. R. Bankr. P. 8002(d)(1)(B).
[14] *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership (In re Pioneer Inv. Services Co.)*, 507 U.S. 380, 395 (1993).
[15] *Id.* at 398.

admonition in *Pioneer* that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect."[16]

Debtors' counsel cites no specific circumstances that caused him to miss the 14-day deadline to file an appeal. He readily admits that the delay was within his control, that there were no issues regarding office closures due to weather, electronic filing issues, nor similar challenges. His explanation is that "[h]e simply missed the deadline through no fault but his own."[17] The Court appreciates his candor. But missing such an important deadline *is* counsel's fault when he admits there was no impediment to him filing a timely appeal and it was within his control to file a timely appeal. Counsel simply dropped the ball for no apparent reason.

In cases considering whether to afford relief to a party who misses a deadline to file a notice of appeal, courts have overwhelmingly held that press of business, heavy workload, mistakes by office staff, preoccupation with other cases, and inadvertence are insufficient to constitute excusable neglect.[18] The circumstances in this case do not include an excuse that may justify relief. Instead, they are the opposite of excusable neglect — they establish neglect without excuse. This case is not unlike *U.S. v. Torres*,[19] where counsel argued that his misreading of a clearly stated federal rule constituted "excusable neglect." The United States Court of Appeals for the Tenth Circuit rejected that notion, stating that "[i]n our view, defense counsel's misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief unless '[t]he word 'excusable'

---

[16] *Id.* at 392.
[17] Motion, ¶ 8, ECF No. 70.
[18] *See In re Lang*, 305 B.R. 905, 910 n.27 (B.A.P. 10th Cir. 2004) (and cases cited therein) (Michael, J.). *See also In re Sandoval*, 2009 WL 2372849 at *4 (D. Colo. July 30, 2009) (paralegal docketing incorrect filing deadline for notice of appeal was not excusable neglect.)
[19] 372 F.3d 1159 (10th Cir. 2004).

[is to be] read out of the rule.'"[20] This Court firmly believes that in order to grant counsel's request, it must remove the word "excusable" from Rule 8002, ignore controlling Tenth Circuit precedent in the process, and hold that any and all neglect is legally excusable.

Debtors' counsel asks the Court to overlook the reason (or lack thereof) for the delay and focus on the remaining factors from *Pioneer*. The law does not permit us to do so. Debtors may be correct that there would be little if any prejudice to the OTC in granting an extension of time to file a notice of appeal, although granting this Motion could certainly delay its collection of taxes from Debtors. It is also true that Debtors only missed the deadline by seven days, although their counsel admits he realized that fact on March 9, 2022, just one day after the deadline, and waited almost a full week before seeking relief. Arguably, Debtors have established three of the four factors in favor of a finding of excusable neglect. Nonetheless, Debtors utterly fail to satisfy the most important factor which is the reason for the delay, including whether it was in their control.[21] The reason for the delay was counsel's failure to remember it, to calendar it, to remind himself to file it on time or seek an extension before the deadline expired.[22] As noted in *Lang*, "the deadline for filing of a notice of appeal is a matter of rule that applies to each and every decision of a bankruptcy court . . . ."[23] Such deadlines are well-known to attorneys and clearly within the control of Debtors' counsel.

---

[20] *Id.* at 1163-64 (citation omitted).
[21] *Sandoval,* 2009 WL 2372849, *3-4, *citing Torres,* 372 F.3d at 1162--1163 (reason for delay did not support finding of excusable neglect and outweighed other factors in support of excusable neglect.)
[22] Fed. R. Bankr. P. 8002(d)(1)(A).
[23] *Lang,* 305 B.R. at 910, n. 28.

### Conclusion

Debtors have failed to establish excusable neglect justifying an extension pursuant to Rule 8002(d)(1)(B).

Accordingly,

IT IS THEREFORE ORDERED that Debtors' Motion for Leave to File Notice of Appeal Out-of-Time Pursuant to Federal Rule of Bankruptcy Procedure 8002(d)(1)(B) (Docket No. 70) is **denied**.

###